COBB, Judge.
The state brings this petition for writ of certiorari seeking review of the trial court’s order appointing the Office of the Public Defender to represent the juvenile respondent in his appeal from a delinquency disposition. The state asserts that the trial court departed from the essential requirements of the law by appointing the public defender without the requisite affidavit of indigency of the child’s father and without the requisite determination of probable expenses and burden of defending the case.
Section 39.041(1), Florida Statutes (1991) provides that if a child and his parents or other legal guardian are indigent and unable to employ counsel for the child, the court shall appoint counsel for him pursuant to section 27.52, and that the determination of indigency shall be as provided by sections 27.52 and 27.56. Section 27.52(1) requires one claiming indigency to file an affidavit, and section 27.52(2) lists the information to be included in such an affidavit. According to section 27.52(2)(b), the existence of any of the following shall create a presumption of non-indigency:
1. The defendant has been released on bail in the amount of $5,000 or more.
2. The defendant has no dependents and his gross income exceeds $100 per week; or, if the defendant has dependents, his gross income exceeds $100 per week plus $20 per week for each of the first two dependents of the defendant and $10 per week for each additional dependent.
3. The defendant owns cash in excess of $500.
Further, section 27.52(2)(c) requires the court to consider the following additional circumstances in determining whether a defendant is indigent:
1. The probable expense and burden of defending the case;
2. The ownership of, or equity in, any intangible or tangible personal property or real property or the expectancy of an interest in any such property by the defendant; and
3. The amount of debts owed by defendant or debts that might be incurred by the defendant because of illness or other misfortunes within his family.
Non-indigent parents or legal guardians of dependent persons under the age of eighteen years are responsible for furnishing their dependents with the necessary legal services and costs incident to delinquency proceedings. Only where a non-indigent parent fails or refuses to furnish such legal services may a court appoint a public defender. See § 27.52(2)(d), Fla. Stat. (1991).
In this case, both the juvenile and the juvenile’s mother filed affidavits of insolvency for purposes of appeal. However, there is neither an affidavit from the juvenile’s father nor is there any indication that the juvenile’s father refused to furnish the necessary legal services. The trial court therefore departed from the essential requirements of the law by appointing the public defender without considering all the requisite statutory criteria, including the probable expense and burden of defending the case.
*1164 Accordingly, we grant the petition for writ of certiorari and quash the order appointing the public defender. We remand this cause to the trial court for consideration of all statutory criteria in determining indigency for purposes of appointing the public defender.
PETITION GRANTED; ORDER QUASHED; CASÉ REMANDED.
W. SHARP, and DIAMANTIS, JJ., concur.